**E-filed 3/27/06**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ROSE WOOD, | Case Number C 05-00556 JF |
| Plaintiff, | ORDER[1] GRANTING PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION |
| v. | |
| XEROX CORPORATION LONG-TERM DISABILITY INCOME PLAN, et al., | [Re: Docket No. 15] |
| Defendants. | |

### I. BACKGROUND

In 1985, Defendant Xerox Corp. ("Xerox") employed Plaintiff Rose Wood ("Wood") as a researcher. Motion for Summary Adjudication of Standard of Review ("Motion"), Ex. 3. As an employee, Wood became a beneficiary of Xerox's Long-Term Disability Income Plan ("LTD Plan"). *Id.*, Ex. 2. The LTD Plan consists of a multi-level program of disability benefits. *Id.* The first phase is divided into two sub-phases: (a) up to five months of short-term disability coverage administered by Xerox administers; and (b) six to twenty-nine months of long-term disability administered by Defendant Prudential Insurance Company of America ("Prudential").

---

[1] This disposition is not designated for publication and may not be cited.

*Id.*, Ex. 2 at 71. The second phase of disability coverage, which begins after twenty-nine months of disability, is administered by Prudential. *Id.*

On August 9, 1999, Wood became disabled due to symptoms of pain and numbness in her right hand, cervical pain, and headaches. *Id.*, Ex. 5. Pursuant to the first phase of the LTD Plan, Wood received five months of short-term disability benefits and in January, 2000, she began receiving long-term disability benefits. Compl. ¶ 12-13. Prudential terminated these benefits in March, 2001, because it found that Wood could perform "any job with restrictions." Compl. ¶ 17.

After Prudential denied her three appeals, Wood filed a complaint in this Court on February 7, 2005, pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, claiming that the LTD Plan benefits to which she was entitled were improperly terminated. On February 16, 2006, Wood filed a motion for summary adjudication of the standard of review for her claim for LTD benefits. Wood asserts that the appropriate standard of review of her claim for benefits under the LTD Plan is *de novo* because the LTD Plan does not grant discretion to Prudential. On March 3, 2006, Defendants filed opposition claiming that the appropriate standard of review is abuse-of-discretion because the plain language in the LTD Plan confers discretionary authority upon Prudential. On March 10, 2006, Wood filed a reply. Having considered the briefs, relevant evidence, and the oral arguments at the hearing on March 24, 2006, the Court will grant the motion.

## II. DISCUSSION

A denial of benefits challenged under 29 U.S.C. § 1132(a)(1)(B) is reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). "That means the default is that the administrator has no discretion, and the administrator has to show that the plan gives it discretionary authority in order to get any judicial deference to its decision." *Kearney v. Standard Ins. Co.*, 175 F. 3d 1084, 1089 (9th Cir. 1999) (en banc). The presumption of *de novo* review can be overcome only when a plan's reservation of discretion is unambiguous. *McDaniel v. Chevron Corp.*, 203 F.3d 1099,

1107 (9th Cir. 2000); *see Thomas v. Oregon Fruit Prods. Co.*, 228 F.3d 991, 994 (9th Cir. 2000) (noting plan administrator "carries the burden of showing that the Policy is unambiguous" in granting discretionary authority to the plan administrator). Where the benefit plan does give the administrator such discretion, a deferential standard of review is appropriate. *See Firestone Tire & Rubber Co.*, 489 U.S. at 111. The deferential standard of review is referred to interchangeably as "abuse of discretion" or "arbitrary and capricious," both of which have the same meaning in this context. *Hensley v. Northwest Permanente P.C. Ret. Plan & Trust*, 258 F.3d 986, 994 n.4 (9th Cir. 2001).

To determine the appropriate standard of review, the Court must determine whether the PTD Plan grants Prudential discretionary authority to determine eligibility for benefits or to construe the terms of the PTD Plan. *See Firestone Tire & Rubber Co.*, 489 U.S. at 115. The PTD Plan contains the following language:

> "Total Disability" exists *when Prudential determines that all of these conditions are met*:
>
> (1) Due to Sickness or accidental injury, you are not able to perform, for wage or profit, the material and substantial duties of any gainful occupation for which you are reasonably fitted by your education, training or experience, or other work which the Employer has made available to you.
>
> (2) You are not working at any job for wage or profit. This does not apply to a job with another employer which began prior to your Total Disability
>
> (3) You are under the regular care of a Doctor.
>
> For the purposes of Total Disability, a gainful occupation means an occupation that is or can be expected to provide you with an income at least equal to 60% of your indexed Pre-Disability Earnings.

Motion, Ex. 1 at 11 (emphasis added). Prudential argues that the phrase "when Prudential determines that all of these conditions are met" constitutes a grant of discretionary authority sufficient to trigger the abuse-of-discretion standard. Prudential relies on *Bogue v. Ampex Corp.*, 976 F.2d 1319 (9th Cir. 1992) and *Eley v. Boeing Co.*, 945 F.2d 276 (9th Cir. 1991), to argue that the power to "determine" or "make a determination" regarding eligibility for benefits constitutes a grant of discretionary authority. However, both of these cases pre-date *Kearney*, in which the

Ninth Circuit clarified that the grant of discretion must be unambiguous in order to trigger the abuse-of-discretion standard. *See McDaniel*, 203 F.3d at 1107

Since *Kearney,* the Ninth Circuit has held that an "allocation of decision-making authority . . . is not, without more, a grant of discretionary authority in making those decisions." *Ingram v. Martin Marietta Long Term Disability Income Plan*, 244 F.3d 1109, 1112-13 (9th Cir. 2001). In *Sandy v. Reliance Standard Life Ins. Co.*, 222 F.3d 1202, 1203, 1206 (9th Cir. 2000), the court held that the plan's language requiring the insured to "submit satisfactory proof of total disability" to the plan administrator was not sufficient to grant discretion to the plan administrator. *See also Thomas*, 228 F.3d at 994 (finding that the policy language requiring submission of "satisfactory proof of Total Disability to us" did not unambiguously grant the administrator discretion). In *Ingram,* the Ninth Circuit found the following policy language did not unambiguously grant discretion to the plan administrator:

> The carrier solely is responsible for providing the benefits under the Plan. . . . The carrier will make all decisions on claims and has reserved the right to examine medically an individual for whom claim is made at any time during the period of disability. Accordingly, the management and control of the operation and administration of claims procedures under the Plan, including the review and payment or denial of claims and the provision of full and fair review of claim denial pursuant to Section 503 of the Act, shall be vested in the carrier.

244 F.3d at 1112. Thus, the court concluded:

> We think it appropriate to insist, as we did in *Kearney,* that the text of a plan be unambiguous. If an insurance company seeking to sell and administer an ERISA plan wants to have discretion in making claims decisions, it should say so. It is not difficult to write, "The plan administrator has discretionary authority to grant or deny benefits under this plan." When the language of a plan is unambiguous, a company purchasing the plan, and employees evaluating what their employer has purchased on their behalf, can clearly understand the scope of the authority the administrator has reserved for itself. As we wrote in *Sandy,* it is "easy enough" to confer discretion unambiguously "if plan sponsors, administrators, or fiduciaries want benefits decisions to be reviewed for abuse of discretion." Where they fail to do so, "in this circuit at least, they should expect de novo review."

*Id.* at 1113-14 (citations omitted).

In the instant case, the LTD Plan language does not constitute an unambiguous conferral

of discretionary authority to Prudential. The LTD Plan language does not expressly state that "Prudential has discretionary authority to grant or deny benefits under this Plan." As in *Ingram*, it would not here be difficult for Prudential to use unambiguous language in order to retain discretionary authority if it had wished to do so, and the absence of such explicit language consequently results in *de novo* review. *See Ingram*, 244 F.3d at 1113-14. "[U]nless plan documents unambiguously say in sum or substance that the Plan Administrator or fiduciary has authority, power, or discretion to determine eligibility or to construe the terms of the Plan, the standard of review will be de novo." *Sandy*, 222 F.3d at 1207. "Neither the parties nor the courts should have to divine whether discretion is conferred. It either is, in so many words, or it isn't." *Id.*

### III. ORDER

Good cause therefore appearing, IT IS HEREBY ORDERED that the motion for summary adjudication is GRANTED.

IT IS SO ORDERED.

DATED: March 24, 2006

JEREMY FOGEL
United States District Court

Case No. C 05-00556 JF
ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION
(JFEX1)

1  This Order has been served upon the following persons:

2  Charles B. Perkins
3  Flynn Rose & Perkins
   59 University Ave., Suite H
4  Los Gatos, CA 95030
   Email: cbperk@earthlink.net
5

6  Rebecca Labat Crosby
   Wilson Elser Moskowitz Edelman & Dicker LLP
7  525 Market St., 17th Floor
   San Francisco, CA 94105
8  Email: crosbyr@wemed.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 05-00556 JF
ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION
(JFEX1)